# 13-3910-cv(L)

## 13-4297-cv(CON)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT



DON SHIRLEY ROWE SCOTT,

*Plaintiff-Appellant,*

*v.*

THE VILLAGE OF SPRING VALLEY, COUNTY OF ROCKLAND,
SPRING VALLEY POLICE DEPARTMENT,

*Defendants-Appellees.*

*On Appeal from the United States District Court
for the Southern District of New York (White Plains)*

## BRIEF AND SPECIAL APPENDIX
## FOR PLAINTIFF-APPELLANT

FERRO, KUBA, MANGANO,
SKYLAR, P.C.
*Attorneys for Plaintiff-Appellant*

By: POLLACK, POLLACK, ISAAC
& DE CICCO, LLP
*Appellate Counsel*
225 Broadway, Suite 307
New York, New York 10007
212-233-8100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ii

PRELIMINARY STATEMENT .......................................1

STATEMENT OF JURISDICTION ...................................2

STATEMENT OF THE ISSUES ....................................4

BRIEF STATEMENT OF THE CASE ................................4

STATEMENT OF FACTS .........................................6

    A.  Deposition of Mr. Scott ...........................6

    B.  Deposition of Police Officer Joseph Brown ..........8

    C.  Deposition of Police Officer Oscar Lopez ..........11

    D.  The Allegations in the Complaint ..................13

    E.  Motion for Leave to Amend the Complaint
        and the Orders Appealed From ......................14

SUMMARY OF THE ARGUMENT ...................................17

ARGUMENT ..................................................19

    THE TRIAL COURT ERRED IN CONCLUDING THAT MR.
    SCOTT'S CLAIMS AGAINST THE POLICE OFFICERS DID NOT
    RELATE BACK BECAUSE THE COMPLAINT IDENTIFIED THE
    TIME, DATE, PLACE AND DETAILS OF THE INCIDENT,
    SUFFICIENT TO ALLOW THE POLICE OFFICERS TO REALIZE
    THAT BUT FOR MR. SCOTT'S MISTAKE REGARDING WHO
    ACTUALLY HANDCUFFED MR. SCOTT THE ACTION WOULD HAVE
    BEEN BROUGHT AGAINST THEM ...............................19

    A.  Defendants Received Notice Of The Action Within
        120 Days After The Complaint was Filed ............21

    B.  Plaintiff's Lack of Knowledge of the Identities
        of the Police Officers Constituted a Mistake
        Under Krupski ....................................30

CONCLUSION ................................................39

i

## TABLE OF AUTHORITIES

**Federal Cases**

<u>Abdell v. City of New York</u>, 759 F.Supp2d 450
  [SDNY 2010] .............................................. *passim*

<u>Archibald v. City of Hartford</u>, 274 FRD 371 [DConn 2011]....... 28

<u>Baez v. Kahanowicz</u>, 469 F.Supp2d 171 [SDNY 2007].............. 22

<u>Barrow v. Wethersfield Police Dep't.</u>,
  66 F.3d 466 [2d Cir. 1995]...................... 16, 17, 31, 32

<u>Berry v. Village of Millbrook</u>, No. 09 Civ. 4234,
  2010 WL 3932289 [SDNY Sept. 29, 2010]....................... 22

<u>Bishop v. Best Buy, Co.</u>, 08 Civ. 8427,
  2010 WL 4159566 [SDNY Oct. 13, 2010].................... 18, 24

<u>Bogle v. Melamed</u>, 09 CV 1017,
  2012 WL 1117411 [EDNY March 30, 2012]....................... 36

<u>Byrd v. Abate</u>, 964 F.Supp 140................................ 28

<u>Callicutt v. Scalise</u>, 11–CV–1282,
  2013 WL 432913 [NDNY Feb 4, 2013].......................... 33

<u>Cornwell v. Robinson</u>, 23 F.3d 694 [2d Cir. 1994].......... 17, 30

<u>Curry v. Campbell</u>, No. 06–CV–2841,
  2012 WL 1004894 [EDNY 2012].............................. 23, 24

<u>Digital Equipment Corp. v. Desktop Direct, Inc.</u>,
  114 SCt 1992 [1994]......................................... 2

<u>Dominguez v. City of New York</u>, 10 Civ. 2620,
  2010 WL 3419677 [EDNY Aug. 27, 2010]....................... 36

<u>Felmine v. City of New York</u>, 09-CV-3768,
  2012 WL 1999863 [EDNY June 4, 2012]....................... 36

<u>Foman v. Davis</u>, 371 US 178 [1962]........................... 37

<u>Hood v. City of New York</u>, 739 F.Supp 196 [SDNY 1990].......... 26

<u>In Re Mission Construction Litigation</u>, 10 Civ. 4262, 10 Civ.
  9344, 11 Civ. 1565, 2013 WL 4710377 [SDNY Aug. 30, 2013].... 32

Jamison v. City of York, 09-cv-1289, 2010 WL 3923158
  [M.D. Penn. Sept. 30, 2010] .................................. 28

Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229
  [2d Cir. 2007] ............................................. 18

Krupski v. Costa Crociere S.p.A., 130 SCt 2485 [2010]..... *passim*

Maccharulo v. Gould, 643 F.Supp2d 587......................... 25

Malesko v. Correctional Servs. Corp., 229 F.3d 374
  [2d Cir. 2000], rev'd on other grounds, 534 US 61 [2001].... 31

Monell v. New York City Dept. of Soc. Servs.,
  436 US 658 [1978] ........................................... 3

Muhammad v. Pico, 2003 WL 21792158 [SDNY Aug. 5, 2003]........ 22

Nzomo v. City of New York, 10 Civ. 8530,
  2013 WL 411351 [SDNY Jan. 30, 2013] ......................... 33

Oladokun v. Ryan, 2011 WL 4471882 [SDNY Sept. 27, 2011]....... 21

Pape v. Board of Educ. of the Wappingers Central School Dist.,
  No. 07 Civ. 8828, 2009 WL 3151200 [SDNY Sept. 29, 2009]..... 29

Pearl v. City of Long Beach, 296 F.3d 76 [2d Cir. 2002]....... 19

Rodriguez v. City of New York, 2011 WL 4344057
  [SDNY Sept. 7, 2011] .................................... 21, 36

Roe v. Johnson, No. 07-CV-2143,
  2011 WL 8189861 [EDNY Aug. 21, 2011] ........................ 24

S.A.R.L. v. Marlborough, 10 Civ. 7547,
  2013 WL 5677045 [SDNY Oct. 18, 2013] ........................ 33

Singletary v. Pennsylvania Dep't of Corrections,
  266 F.3d 186 [3d Cir. 2001] ................................. 38

Smalls v. Fraser, No. 05 Civ. 6575,
  2006 WL 2336911 [SDNY Aug. 11, 2006] ........................ 25

Smith v. City of New York, 12 Civ. 04890,
  2013 WL 6095458 [SDNY Nov. 20, 2013] ........................ 32

Smith v. Westchester Cnty. Dep't of Corr.,
  2012 WL 527222 [SDNY Feb. 15, 2012] ......................... 21

Starr v. Sony BMG Music Entertainment, 592 F.3d 314
  [2d Cir. 2010], cert. denied, 131 S.Ct 901 [2011]........... 18

Twine v. Four Unknown NY Police Officers, 10 Civ. 6622,
  2012 WL 6184014 [SDNY Dec. 12, 2012]........................ 27

Velez v. Fogarty, No. 06 Civ. 13186,
  2008 WL 5062601 [SDNY Nov. 20, 2008]........................ 21

VKK Corp. v. Nat'l Football League, 244 F.3d 114
  [2d Cir. 2001]............................................. 19

**State Cases**

21 USC §853(n)(2)............................................. 4

**Federal Statutes**

28 USC §1291................................................. 2

28 USC §1331................................................. 2

28 USC §1343................................................. 2

42 USC §1983............................................ 2, 4, 19

**Federal Rules**

Fed. R. App. Proc. 35....................................... 37

Fed. R. Civ. Proc. 4.............................. 21, 25, 28, 38

FRCP Rule 15........................................... passim

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
---------------------------------------X
DON SHIRLEY ROWE SCOTT,

              Plaintiff-Appellant,

      v.

THE VILLAGE OF SPRING VALLEY,
COUNTY OF ROCKLAND and SPRING
VALLEY POLICE DEPARTMENT

              Defendants-Appellees.
---------------------------------------X

**Second Cir.**
**Docket No.**
**13-3910**

**APPELLANT'S**
**BRIEF**

## PRELIMINARY STATEMENT

    Appellant Don Shirley Rowe Scott ["Mr. Scott" or plaintiff] submits this brief in support of his appeals [411, 421[1]] from 1] a Memorandum and Order of the United States District Court for the Southern District of New York [Paul E. Davison, USMJ], dated September 17, 2013 [398-410] which denied appellant's motion to amend the complaint to add Police Officers Joseph Brown and Oscar Lopez as direct defendants to this action, and 2] from an Order of the United States District Court for the Southern District of New York [Nelson S. Roman, USDJ] dated October 28, 2013 [412-420], which denied plaintiff's motion to modify and/or set aside the Magistrate's September 17, 2013 order.

---

[1] Numerical references in parenthesis refer to the joint appendix.

## STATEMENT OF JURISDICTION

Jurisdiction existed in the District Court pursuant to 28 USC §§1331 and 1343, because the action involved claims brought pursuant to 42 USC §1983. This Court has jurisdiction pursuant to 28 USC §1291 and the "collateral order doctrine" because these appeals are from an Order issued by the Honorable Nelson S. Roman, dated October 28, 2013, which affirmed a Memorandum and Order of the Magistrate Paul E. Davison, dated September 17, 2013, which denied the plaintiffs' motion to amend the complaint to add Police Officers Joseph Brown and Oscar Lopez as direct defendants to this action.

Under the collateral order doctrine, a "narrow class" of district court decisions that do not terminate the litigation may also be treated as final decisions. Digital Equipment Corp. v. Desktop Direct, Inc., 114 SCt 1992 [1994]. That narrow class is limited to those orders "that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." Id.

Stated differently, a determination by the District Court that finally adjudicates the rights and/or liabilities of any one of the parties should be accorded the status of finality for

purposes of appeal to the Court of Appeals even though the order does not finally determine the entire action.

Thus, in this case, the District Court's determination which denied plaintiff's motion to add the police officers as direct defendants based on statute of limitations grounds, is "final" to that extent even though there has not yet been any final disposition with respect to the remaining parties.

In addition, the orders appealed from will likely dispose of the action because we acknowledge that pursuant to <u>Monell v. New York City Dept. of Soc. Servs.</u>, 436 US 658, 691 [1978], the action against the municipal defendants – the Village of Spring Valley and the Spring Valley Police Department[2] – may be dismissed because, under the facts set forth on this record, the District Court may hold that the plaintiff will be unable to demonstrate a formal policy, action or decision made by a government official or a widespread practice necessary to provide the basis for municipal liability[3] under <u>Monell</u>. 436 US at 691 ["[A] municipality cannot be held liable solely because it employs a tortfeasor."]

---

[2] The action against the County of Rockland has been discontinued. [61]
[3] In this regard, we note that the municipal defendants have requested a pre-motion conference before District Court Judge Roman seeking permission to move for summary judgment. [Dkt. 54]

3

## STATEMENT OF THE ISSUES

1.    Whether the District Court erred in denying plaintiff's application for an order granting leave to serve an amended complaint to add two individual police officers whose names were previously unknown to the plaintiff.

2.    Whether the District Court erred in its failure to apply the federal relation back doctrine under FRCP Rule 15[c][1].

3.    Whether the District Court erred holding that the plaintiff failed to establish constructive notice of the original action for purposes of the relation back doctrine.

4.    Whether the District Court erred in holding that the plaintiff failed to establish that both Police Officers Brown and Lopes knew or should have known that the original action would have been brought against them but for plaintiff's mistaken failure to identify them.

## BRIEF STATEMENT OF THE CASE

Plaintiff alleges that Village of Spring Valley police officers deprived him of his right to be free from the use of "excessive force" in his detention in violation of 42 USC §1983 and as safeguarded by the Fourth and Fourteenth amendments of the US Constitution.

Specifically, on June 3, 2010, the plaintiff was driving his motor vehicle when he was stopped in front of his residence

by several Village of Spring Valley police officers. Unbeknownst to the plaintiff, Mr. Scott's brother had previously reported the vehicle stolen.   Upon arrival at his house, the plaintiff was forcibly removed from his vehicle, slammed into the vehicle and then down onto a police officer's vehicle where his right arm was twisted in an upward manner while he was being handcuffed, causing injury to his right shoulder.

On June 2, 2011 an action was commenced in New York State Supreme Court, Rockland County.   The matter was thereafter removed to the US District Court, Southern District.

During the course of pre-trial discovery and after being advised by defense counsel of the names of five non-party police officers who were involved in plaintiff's incident, the plaintiff deposed five non-party police officers.   Police Officers Brown and Lopez implicated each other as having been the officer who applied the handcuffs that caused plaintiff's right shoulder injury.

Following the depositions, but after the expiration of the three-year statute of limitations, a motion was made by plaintiff seeking leave to serve and file an amended complaint to add Police Officers Brown and Lopez as direct defendants to the action.   The Magistrate Judge denied the motion.   [Dkt. 45, 398-410]  An appeal was taken from that Order.   [Dkt. 47, 411]

Thereafter, a letter application was made by plaintiff to the District Judge to modify or set aside the Magistrate's Order. District Court Judge Roman denied the motion. [Dkt. 51, 412-420] A second appeal was taken from that Order. [Dkt. 52, 421]

The District Court's Order is not officially reported, but can be found at 2013 WL 5807405 [SDNY Oct. 28, 2013].

## STATEMENT OF FACTS

### A. Deposition of Mr. Scott

Mr. Scott testified that at the time of his incident, he was driving a Ford truck/van on June 3, 2010. [78, 95] The plaintiff had just returned that day to Spring Valley from a trip to Maryland. [92-93]

Within minutes of arriving home at or around 8 pm, Mr. Scott drove his van to West Indian Social Club located on Church Street in Spring Valley. [95] He watched a basketball game and then left the facility to go home at around 11 pm. [96]

When he reached his house at 16 Ridge Avenue, Mr. Scott noticed that his driveway was blocked by a police car and there was a police car behind him. As Mr. Scott stopped his vehicle, the police vehicle behind him activated its emergency lights. [102-103] Mr. Scott's mother, brother and sister-in-law were all home at the time. [105]

One officer approached Mr. Scott's vehicle with his gun drawn and pointed at the plaintiff; the plaintiff was ordered to throw his keys out and come out of the vehicle. [103-104]

Mr. Scott did not know the name of the uniformed police officer, but described him as Spanish, 5'7" and weighing about 210-215 pounds. [104]

The plaintiff did as the officer asked; he turned off the engine, took the keys out and threw it out of the car. [105-106] Mr. Scott then exited the vehicle with his hands up in the air. [109] When he came out of the vehicle, there was a Spanish female officer tapping the window on the passenger side of the vehicle. [109] Mr. Scott described the plain-clothes female officer as Spanish, 5'2"; she weighed about 130 pounds. [110]

The first officer [with the gun drawn] grabbed Mr. Scott's right arm from behind and as he did so, "I felt a pop" in the right shoulder; Mr. Scott was then shoved and/or "slammed" into the side of his vehicle, and was taken to the police vehicle that was stopped behind Mr. Scott's van. [111-112]

Mr. Scott did not resist arrest [116]; he could not move his right arm at all – "he had me pinned down to the car". [114]

In addition to the two officers he already described, there were "two or three more" police officers at the scene. [115]

None of the other police officers had any physical contact with the plaintiff, except for a black officer who searched his pockets. [115, 117] The black uniformed officer was described to be about 6′2″-6′3″ 190-200 pounds. [118]

Mr. Scott asked what was going on and one of the officers responded that the police do not answer questions, they ask questions. [119]

Shortly thereafter, Mr. Scott's brother came out of the house to explain to the police officers that the plaintiff was the owner of the vehicle. [122-123] Once the police realized that Mr. Scott was the owner the vehicle and it was not stolen, they took the handcuffs off. [123]

At no time was Mr. Scott ever advised by any of the police officers why he was stopped and handcuffed. [125]

Mr. Scott found out later that his brother had called the police to report that Mr. Scott's vehicle was stolen. [129]

**B.    Deposition of Police Officer Joseph Brown**

Police Officer Brown testified that at the time of this incident, he was employed by Village of Spring Valley Police Department as a Police Officer, First Grade. [181-182]

With respect to handcuffing an alleged perpetrator, based on his experience, if the perpetrator is compliant and if there is no eminent threat of harm, the standard operating procedure would be to verbally ask him to put his hand behind his back so

he can be cuffed. [189] On the other hand, if the perpetrator is non-compliant, then the use of force may be necessary. [190] When the individual is initially compliant but becomes uncooperative, an officer may have to give verbal commands and be physical at the same time. [191]

In addition, police officers are trained and taught to lift the perpetrator's arm in an upward direction to get him or her to comply so he or she can be handcuffed. [193]

On the day of Mr. Scott's incident, June 3, 2010, Officer Brown was working in the anticrime unit in plain clothes. [201] Anticrime involves robbery, narcotics, prostitution and "zero tolerance" detail. [204]

Officer Brown responded to an incident at 16 Ridge Avenue involving a possible stolen vehicle; Officer Lopez "called out" on his radio advising the police department that he was out with a possible stolen vehicle. Officer Brown responded because he was near the location at the time. [208]

When he arrived at the scene, Officer Brown observed the following:

> I observed a vehicle facing northbound on the east
> side of Ridge Avenue. I observed Officer Lopez in
> marked patrol vehicle 7123 along with canine Bosco, I
> observed Officer Gulla, Shield 550 and myself arrived
> and then moments later I believe Sergeant Schnaars
> arrived at the scene.

[212]

9

In total, there were two marked patrol vehicles already at the scene when Officer Brown arrived and he was one of three officers there at the time. [214]

Officer Lopez was giving verbal commands to the plaintiff from the driver side of his vehicle. [221] Officer Lopez directed the plaintiff "to turn the vehicle off and throw the keys out, put your hands up, take your left hand and open up the door." [221-222]

By the time Officer Brown arrived at the scene, Mr. Scott was already making his way out of the vehicle. [222] Officer Brown claimed that Mr. Scott was "basically non-compliant", "[h]e was not listening to any verbal commands". [223]

Mr. Scott was alleged to not have obeyed a command to walk backwards towards Officer Lopez or obey a command to keep his arms in a raised position. [226]

Mr. Scott appeared "pissed off" because he was pulled over for no apparent reason and he wanted to know why – the plaintiff was upset "just like any other person would be upset". [228]

As Mr. Scott approached the rear of the vehicle, either Officer Lopez or Officer Gulla handcuffed Mr. Scott. [228] Officer Brown was busy providing cover and did not see Mr. Scott being handcuffed. [229-235]

At no point did Officer Brown observe Mr. Scott resisting arrest [238, 240]; "Maybe upset, but not resisting, not combative". [238]

Thereafter, Officer Brown informed Mr. Scott that someone from in his household called to report a stolen vehicle; once the police were able to confirm that Mr. Scott was the registered owner, they would be in a position remove the handcuff. [239]   To that end, when Mr. Scott's brother, Tennyson Scott, confirmed that the plaintiff was the owner of the vehicle, Officer Brown removed the handcuffs. [243]

## C.   Deposition of Police Officer Oscar Lopez

Mr. Lopez testified that at the time of his deposition, he had already retired from the Spring Valley Police Department; however, at the time of Mr. Scott's incident, he was employed as a patrolman and canine handler. [271-272]

At the time of Mr. Scott's incident, Officer Lopez was assigned to the robbery detail [with his dog Rosco] and he overheard a call of a vehicle that had just been stolen. [302, 307]

Specifically, the homeowner at 16 Ridge Avenue reported that he looked outside his driveway and saw that his motor vehicle was not there and no one had permission or authority to

11

operate it. [316-317] A BOLO[4] and description of the white 1995
Van was issued. [317]

Officer Lopez then began canvassing the area and spotted
the white van very quickly; he looked at the license plate and
confirmed with headquarters that it was the stolen vehicle.
Officer Lopez then called out on his radio asking for backup and
assistance. Officer Lopez then activated his emergency lights
and stopped the vehicle. [318] Two separate units responded to
his radio call for backup; one officer said he was right behind
Officer Lopez and Officer Brown said he was in the area. [320]

This incident was considered a felony car stop because it
involved a stolen vehicle. [330]

Once Mr. Scott's vehicle came to a complete stop and the
driver's side door was open, Officer Lopez testified that
Officer Brown "kind of leap frog me and pretty much took control
of the situation as far as directing the gentleman or taking him
out... I remember seeing Officer Brown and I believe Officer
Brown actually secured the gentleman right away." [330]

Officer Lopez did not recall if Mr. Scott had resisted
arrest at any time. [333] The Officer did remember that
Officer Brown led Mr. Scott out of the van – the plaintiff was
not dragged out of the car but was led out by Officer Brown.
[338]

---

[4] BOLO stands for "Be On the Look Out".

12

Although Mr. Scott followed the verbal commands, the plaintiff did exhibit some resistance – "he was very upset and I remember him being, you know, not that he was physically resisting but he was verbally, you know, verbally resisting". [339]  Mr. Scott insisted that he did not steal the van; he kept saying, "this is my van".  [339]

Once Officer Brown led Mr. Scott out of the van towards the back, Officer Lopez no longer felt an imminent threat from Mr. Scott; he became focused on the van looking to see if there were any other passengers inside.  [341]

Officer Brown then handcuffed Mr. Scott; he saw Officer Brown bringing Mr. Scott's hands to the back, but Officer Lopez's focus was on securing the van to make sure there was no one else inside.  [347]  Officer Lopez did not see Mr. Scott offer any physical resistance to being handcuffed by Officer Brown.  [350]

Then a black male came running out of the house and he started saying "no, no, no, no, he is the owner" - referring to Mr. Scott.  [343]  Once the officers realize that there was a misunderstanding, Mr. Scott was released from the handcuffs. [344]

**D.   The Allegations in the Complaint**

Mr. Scott alleged in his verified complaint, dated May 27, 2011, that on June 3, 2010, he was lawfully operating his own

motor vehicle when he was followed by the Spring Valley police, pulled over, forcibly removed from the vehicle, forcibly handcuffed with his arms twisted behind his back and detained against his will. [55]

Mr. Scott also alleged that the police officers involved in the incident used excessive force in removing him from his vehicle and handcuffing him behind his back. [55-56]

The name and identity of the specific police officers involved in the incident were unknown to the plaintiff and were not revealed until September 21, 2011, when defense counsel turned over some documents providing the names of the police officers involved in this incident. [387]

Moreover, plaintiff was not aware of the name of the officer who handcuffed him until the depositions of the five police officers were taken. Officer Brown was deposed on December 7, 2012 [176], and Officer Lopez was deposed on February 5, 2013. [266]

**E.   Motion for Leave to Amend
        the Complaint and the Orders Appealed From**

Thereafter, plaintiff sought permission to make a motion for leave to serve an amended complaint to add Officers Brown and Lopez as direct defendants. [Dkt. 37] After leave was granted by Magistrate Davison, plaintiff served and filed a

14

motion seeking leave to serve an amended complaint. [Dkt. 39-40] Defendants opposed the motion. [Dkt. 42]

Magistrate Davison issued a Memorandum and Order denying plaintiff's motion [Dkt. 45, 398-410], holding that the relation back doctrine did not apply to save the amended complaint because neither Officer Brown nor Officer Lopez had notice within 120 days of commencement of the action, and knew or should have known that they were the proper defendants, since their depositions were held in late 2012 and early 2013. [403] The Court also held that the doctrine of constructive notice by defense counsel was not applicable because even though defense counsel represented the officers at their depositions, there was no reason for her to be aware that the officers would be named to this lawsuit and because the depositions occurred beyond the 120 day time limit. [403] The Court also held that the doctrine of constructive notice by defense counsel was not applicable because even though she produced documents bearing the names of the individual police officers, plaintiff failed to show that defense counsel knew or should have known that but for a mistake by plaintiff, Brown and Lopez were going to be added as defendants. [404]

The Magistrate also reasoned that the relation back doctrine was not applicable because there was no "mistake" by plaintiff's counsel; plaintiff's counsel's failure to name Brown

and Lopez as direct defendants was not due to a mistake but, rather, a lack of knowledge, therefore under Barrow v. Wethersfield Police Dep't., 66 F.3d 466, 470 [2d Cir. 1995], plaintiff's counsel made "a deliberate choice" to sue one party over another which does not constitute a "mistake". [405-406]

More to the point, the Magistrate held that the "mere fact that he did not know the names of the officers at the time is insufficient to establish a mistake". [406]

Furthermore, the Court held that plaintiff failed to establish that he misunderstood the roles of the individual officers and plaintiff's reliance on Abdell v. City of New York, 759 F.Supp2d 450 [SDNY 2010] "is misplaced" because Mr. Scott "knew at the time he filed the original complaint the roles and the conduct of the individual police officers. His omission of the individual defendants is therefore different than the kind of 'mistake' found in Krupski, or Abdell." [407]

An appeal was taken from this Memorandum and Order. [Dkt. 48, 411]

The plaintiff then moved the District Court for modification and to set aside the Magistrate's Memorandum and Order. [Dkt. 46] The motion was denied by the District Court. [Dkt. 51, 412-420]

An appeal was taken from this Order. [Dkt. 52, 421]

16

## SUMMARY OF THE ARGUMENT

In considering whether to permit Mr. Scott to amend his Complaint to name Officer Brown and Officer Lopez, the District Court correctly identified the key issue as being whether Mr. Scott's failure to name these officers was a "mistake" within the meaning of FRCP Rule 15[c][1][C][ii]. Citing to Krupski v. Costa Crociere S.p.A., 130 SCt 2485 [2010], the District Court held that the plaintiff's actions "compel the conclusion" that his failure to name Officers Brown and Lopez in the original complaint "constituted a deliberate choice-not a mistake." [405-406]

The Supreme Court's decision in Krupski, however, dictated otherwise.  Whereas cases from this Court, such as Cornwell v. Robinson, 23 F.3d 694 [2d Cir. 1994], and Barrow v. Wethersfield, supra, turned on the plaintiff's knowledge, or lack thereof, within the 120 day period[5], Krupski specifically teaches that relation back "depends on what the party to be added knew or should have known, not on the amending party's knowledge."  130 S.Ct at 2490.

In the wake of Krupski, the District Court should have recognized that Mr. Scott's lack of knowledge regarding the names of the officers constituted a mistake within the meaning of Rule 15[c][1][C][ii] because he was unaware of the specific

---

[5] Barrow, 66 F.3d at 469.

roles played by each officer and more specifically, which of the five officers identified by the Village of Spring Valley was the one who used excessive force in applying the handcuffs. Because the Complaint provided more than ample notice to the officers within the 120 day period to permit them to know that Mr. Scott intended to sue them, the District Court erred in not granting Mr. Scott leave to serve an amended complaint. Bishop v. Best Buy, Co., 08 Civ. 8427, 2010 WL 4159566, *11-13 [SDNY Oct. 13, 2010].

While this Court generally reviews for an abuse of discretion the decision of the District Court to deny a party the opportunity to amend his/her pleadings, if the denial was based on an interpretation of law, then the legal conclusion is reviewed de novo. Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 [2d Cir. 2010], cert. denied, 131 S.Ct 901 [2011]; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 244 [2d Cir. 2007].

In affirming the Magistrate's Memorandum and Order, the District Court held that the Court's determination that plaintiff's counsel was "not mistaken about the roles or conduct of the individual officers like the plaintiff in Abdell" was not clearly erroneous or contrary to law. To the contrary, the facts in Abdell are directly analogous to this case.

Further, the District Court erred in holding that neither Officer Brown nor Officer Lopez had any reason to believe that the failure to name them in the complaint was because of a mistake, just because plaintiff was in possession of the names of the officers involved in the incident. It is undisputed that plaintiff did not learn that it was either Officer Brown or Officer Lopez who handcuffed him until after both officers were deposed.

**ARGUMENT**

**THE TRIAL COURT ERRED IN CONCLUDING THAT MR. SCOTT'S CLAIMS AGAINST THE POLICE OFFICERS DID NOT RELATE BACK BECAUSE THE COMPLAINT IDENTIFIED THE TIME, DATE, PLACE AND DETAILS OF THE INCIDENT, SUFFICIENT TO ALLOW THE POLICE OFFICERS TO REALIZE THAT BUT FOR MR. SCOTT'S MISTAKE REGARDING WHO ACTUALLY HANDCUFFED MR. SCOTT THE ACTION WOULD HAVE BEEN BROUGHT AGAINST THEM**

It is well settled that the statute of limitations for a Section 1983 claim is three years. See, Pearl v. City of Long Beach, 296 F.3d 76, 79 [2d Cir. 2002]. Here, because the alleged excessive force occurred on June 3, 2010, the applicable three-year statute of limitations period had expired when the motion to amend was made by plaintiff's counsel on August 14, 2013. If, however, "a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 [2d Cir. 2001]. Federal relation back

doctrine is governed by FRCP Rule 15[c][1], which lays out the requirements for an untimely amendment to "relate back" to the date of the original pleading.

An amendment adding a party to the complaint after the statute of limitations has run relates back to the timely filed complaint if [1] the amendment asserts a claim arising from the "conduct, transaction or occurrence" in the original pleading; and [2] within 120 days after the complaint is filed, the party to be added [i] "received such notice of the action that it will not be prejudiced in defending on the merits" and [ii] "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FRCP Rule 15[c][1][B-C].

In denying Mr. Scott leave to file an amended pleading against the individual police officers, the District Court erroneously held that the defendants did not have constructive notice that plaintiff would seek to add additional defendants because plaintiff was "clearly aware that there were individual officers involved in the incident, and yet named only municipal entities in his complaint". [419] As we will show, this holding was erroneous because defense counsel had constructive notice and in the wake of the Supreme Court's decision in Krupski, the District Court's decision cannot stand because it

focused upon the knowledge of Mr. Scott, rather than the knowledge of defendants, as Krupski commands.

## A.  Defendants Received Notice Of The Action Within 120 Days After The Complaint was Filed

Rule 15 requires that the party to be added receive notice of the action within 120 days after the Complaint is filed, the time period provided by Rule 4[m].  See, FRCP Rule 15[c][1][C]; FRCP 4[m].  Indeed, the "linchpin" of relation back doctrine is notice within the limitations period, so that the later-named party will not be prejudiced in defending the case on the merits.  Velez v. Fogarty, No. 06 Civ. 13186, 2008 WL 5062601, at *5 [SDNY Nov. 20, 2008]; Rodriguez v. City of New York, 2011 WL 4344057, at *7 [SDNY Sept. 7, 2011].

To determine whether the notice element of Rule 15[c] has been satisfied, the Court must make two inquiries.  First, did Officer Brown and Officer Lopez receive notice of plaintiff's action within 120 days of the filing of the Complaint, and, if so, was that notice sufficient to avoid prejudicing them in defending these claims.  Oladokun v. Ryan, 2011 WL 4471882, at *6 [SDNY Sept. 27, 2011].

"While actual notice is preferable, 'constructive notice' may suffice in some instances."  Smith v. Westchester Cnty. Dep't of Corr., 2012 WL 527222, at *4 [SDNY Feb. 15, 2012].

We freely concede that neither Officer Brown nor Officer Lopez received <u>actual</u> notice that they would be named in this suit within 120 days of the commencement of this action. However, that does not end the inquiry, because under the doctrine of constructive notice, a Court can also impute knowledge of the suit to the police officers through defense counsel and what he knew or should have known.

> Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[ ] knew that the additional defendants would be added to the existing suit.

<u>Muhammad v. Pico</u>, 2003 WL 21792158, at *20 [SDNY Aug. 5, 2003]; <u>Abdell</u>, <u>supra</u>, 759 F.Supp2d at 455; <u>Berry v. Village of Millbrook</u>, No. 09 Civ. 4234, 2010 WL 3932289, at *5 & n.6 [SDNY Sept. 29, 2010]; <u>Baez v. Kahanowicz</u>, 469 F.Supp2d 171, 177 [SDNY 2007] ["[N]otice has been imputed to a new defendant when he shares an attorney with the named defendant, such as when both defendants are government officials represented by the same government attorney..."].

The constructive notice doctrine relies on "the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." <u>Abdell</u>, 759 F.Supp2d at 455; <u>Velez</u>, <u>supra</u>.

22

In Curry v. Campbell, No. 06-CV-2841, 2012 WL 1004894 [EDNY 2012], the plaintiff allegedly sustained severe personal injuries when several police officers used excessive force to beat him in the head.

After discovery was complete and the case was placed on the trial calendar, plaintiff discharged his attorney and requested permission to re-open discovery. The request was granted and several months later plaintiff's new attorneys conducted non-party depositions of several additional police officers, including Officer Thomas M. Kenneally. Based on information learned at these depositions, plaintiff filed a motion to amend the Complaint to add Kenneally as a defendant. Specifically, plaintiff claimed that as a result of the depositions taken, he learned that Officer Kenneally played a central role in the events giving rise to plaintiff's claims and should have been named as a defendant from the outset.

In the motion seeking leave to serve an amended complaint, plaintiff asserted that Kenneally had constructive notice of the action within 120 days of the filing of the Complaint because Kenneally was represented by the same attorney that had represented the other defendants since the inception of the action, and defense counsel had more than enough information that was easily accessible in the course of defense counsel's

23

"routine preliminary investigation to put him on notice of Kenneally's potential liability".

The District Court agreed and held

that the constructive notice doctrine applies here. As noted above, during the 120-day service period, the attorney for the County and individual defendants—who would be the same attorney to eventually represent Kenneally during his March 2011 deposition—received notice of plaintiff's Complaint.... Thus, even though Kenneally was not named in the Complaint, and even though the Complaint did not suggest on its face that other individuals may have been involved in the alleged incident, based upon investigations undertaken as part of its representation of defendants, their attorney had a reasonable basis to know of Kenneally's involvement. Thus, Kenneally had constructive notice of the action such that he would "not be prejudiced in defending on the merits." See, Fed.R.Civ.P. 15[c][1][C][i].

2012 WL 1004894 at *5. See also, Bishop v. Best Buy, supra, 2010 WL 4159566, at *3 [SDNY Oct. 13, 2010] [finding plaintiff's mistake was "clearly indicated by the face of the complaint in that he plainly sought to sue the entity responsible for owning and managing the store at which the alleged incident took place" but named the wrong corporate entity; additionally, although the original complaint did not identify individual defendants by name, it "identified the positions held by each"] [internal quotation marks omitted].

In Roe v. Johnson, No. 07-CV-2143, 2011 WL 8189861 [EDNY Aug. 21, 2011], plaintiff alleged that as a sixteen year-old resident at two all-female youth facilities, state employees,

Gil Kimble and Bruce Kingsley sexually abused her. During the course of discovery plaintiff learned of the identity of two additional supervisors who were not initially sued in the complaint. Plaintiff then sought leave to serve an amended complaint to add these two additional supervisors as named defendants. The defendants opposed the motion arguing that the claims were time barred.

The District Court rejected the defendants' arguments and held that defense counsel had constructive notice during the initial 120 day period that these two supervisors would be added as defendants:

> It would have been a relatively simple matter for defendants' counsel to ascertain from OCFS, during the Rule 4[m] period, who was responsible for supervising Kimble and Kingsley at these facilities and inform them that they were likely to be named as defendants at some point. Therefore, a reasonable attorney would have taken steps to begin preparing a defense against the supervisory allegations in the complaint, and should have known that those allegations pertained to the new defendants, who were in fact Kingsley's and Kimble's supervisors.

Id., at *3. See also, Maccharulo v. Gould, 643 F.Supp2d 587, 594–95 [SDNY 2009] [finding notice imputed to new state entities where the adequacy of state programs was challenged in the original complaint against state government officials, and those entities were charged with running the relevant programs]; Smalls v. Fraser, No. 05 Civ. 6575, 2006 WL 2336911, at *4 [SDNY Aug. 11, 2006] [noting in dicta that constructive notice applies

when information identifying a prospective defendant is available to shared counsel]; Hood v. City of New York, 739 F.Supp 196, 199 [SDNY 1990] [holding that shared counsel should have known supervisory defendants would be added where other city employees were named].

Similarly, in Abdell, the plaintiffs were a group of 127 individuals who were arrested by the New York City Police Department ["NYPD"] in connection with a protest held during the 2004 Republican National Convention ["RNC"]. An action was commenced against the City of New York, Mayor Michael Bloomberg, NYPD Commissioner Raymond Kelly, Assistant Police Chief John Colgan, Assistant Police Chief Terrence Monahan, and various named and unnamed New York City police officers, alleging violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and parallel provisions of the New York State Constitution.

After the expiration of the statute of limitations, plaintiff sought leave to serve a Fourth Amended Complaint to add Inspector Thomas Galati as a defendant.

The District Court granted plaintiff's motion and held that the proposed defendant had actual and constructive notice of the action. As relevant here, with respect to the issue of constructive notice, the District Court reasoned:

In this case, the New York City Law Department
represents both the City Defendants named in the
initial Complaint and Galati himself with respect to
the parallel federal claims. See Abdell, 2006 WL
2620927, at *4. Because of this joint representation,
and because the original Complaint clearly identified
the reason Monahan was named as a Defendant, the City
Law Department knew or should have known that Galati
would later be named.

759 F.Supp2d at 455.

In the case at bar, there can be no real dispute that Mr.

Scott's complaint provided defense counsel and Officers Brown

and Lopez, with ample information within the statutorily

prescribed period regarding their potential involvement in the

lawsuit. For example, the Complaint identifies the date, time

and location of Mr. Scott's incident. [55] It also described

the details regarding the incident leading up to the assault and

the improper and illegal use of excessive force upon Mr. Scott

when he was handcuffed. The Complaint further detailed

allegations regarding the failure of the police officers to

properly investigate and evaluate the facts before handcuffing

Mr. Scott. [56] Using this information, defense counsel could

have and probably did interview the five police officers

identified by defense counsel as being involved in the incident,

and consulted police department records in order to discover

that either Brown or Lopez were the officers responsible for

handcuffing the plaintiff. See, Twine v. Four Unknown NY Police

Officers, 10 Civ. 6622, 2012 WL 6184014 [SDNY Dec. 12, 2012]

[imputing constructive notice to newly added defendants where defense counsel had notice of very specific allegations in the complaint, the very specific time period during which these events took place, and most importantly the names of the other involved employees such that it would have been a relatively simple matter for defendants' counsel to ascertain the identities of newly added defendants during the Rule 4[m] period]; Archibald v. City of Hartford, 274 FRD 371, 380 [DConn 2011] [imputing constructive notice to Doe defendants where "defense counsel knew of the roles of the 'Doe' defendants, and knew that the officers who were on duty at the times and places identified in the Complaint would be named as defendants in the suit" because defense counsel "could have [and should have] consulted police department records and interviewed officers and other police department employees" in order to obtain their identities [quoting Byrd v. Abate, 964 F.Supp 140, 146–47 [SDNY 1997] [internal punctuation marks omitted]].

There is no doubt that the information supplied in the original complaint by Mr. Scott was sufficient to put defense counsel on notice of Mr. Scott's intent to sue the particular police officer who handcuffed the plaintiff. See, Bishop, supra. See also, Jamison v. City of York, 09-cv-1289, 2010 WL 3923158 [M.D. Penn. Sept. 30, 2010] ["While Plaintiff did not choose to sue a different defendant based on a misimpression, as

28

was the case in Krupski, the Court cannot say...that Plaintiff's [use of 'John Doe I' rather than the defendant's proper name] was the result of a fully informed decision as opposed to a mistake."].

In addition, defense counsel Sokoloff Stern, LLP, who represents the municipal defendants in this action, initially turned over documents containing all the names of the police officers who responded to the scene at the time of Mr. Scott's incident. The same firm also represented the individual police officers at their respective non-party depositions[6]. Because of this joint representation, and because the original Complaint clearly identified the actions of the unknown police officers, defense counsel knew or should have known that both Brown and Lopez and the other police officers could or would later be named as direct defendants. See, Abdell, supra; Pape v. Board of Educ. of the Wappingers Central School Dist., No. 07 Civ. 8828, 2009 WL 3151200, at *13 [SDNY Sept. 29, 2009] ["The inquiry is not...whether defense counsel had actual knowledge but whether he 'knew or should have known' that the additional defendants would be added within the statute of limitations period."] [internal citations omitted].

---

[6] Police Officer Lopez also retained separate counsel to represent him at his non-party deposition. [267]

As to the issue of prejudice, Mr. Scott established that the police officers will not be prejudiced because defense counsel had represented them at their non-party depositions.

For these reasons, this Court should reverse the District Court's finding that the defendants did not have constructive notice within the 120 day time period following the commencement of the action, that both Officer Brown and Officer Lopez would be named as direct defendants in this action.

**B.    Plaintiff's Lack of Knowledge of the Identities of the Police Officers Constituted a Mistake Under Krupski**

Having found that defendants had constructive notice of these claims such that they will not be prejudiced in defending against them, the next question is whether defendants knew or should have known that they would have been named but for plaintiff's mistake.

This Court has previously held that the focus of the "mistake" inquiry rests upon the knowledge of the plaintiff. For example, in Cornwell, 23 F.3d at 705, this Court held that where the plaintiff knew of the identity of the defendants, but failed to name them in her original complaint, such failure was the product of choice, and not mistake.

In Barrow, a pro se plaintiff had listed ten "John Doe" defendants in his original complaint, only to later identify six of them by name in his amended complaint.

30

The District Court had previously directed the plaintiff to add the individual police officers as defendants and he choose not to do so. 66 F.3d at 467. The issue was whether a plaintiff makes a "mistake" within the meaning of Rule 15[c] when he does not name defendants who he knows must be named because he lacks knowledge of their identity.

On appeal, this Court concluded that plaintiff's inability to name the defendants based on a lack of knowledge, in those circumstances, did not constitute a "mistake" for the purposes of the relation back doctrine. 66 F.3d at 470.

Specifically, this Court held

that Rule 15[c] does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15[c] explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties [under certain circumstances], but the failure to identity individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

66 F.3d at 470. See also, <u>Malesko v. Correctional Servs. Corp.</u>, 229 F.3d 374, 383 [2d Cir. 2000] ["A plaintiff is not considered to have made such a 'mistake,' however, if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity."], <u>rev'd on other grounds</u>, 534 US 61 [2001].

31

These facts are distinguishable from the facts in our case. Specifically, the court in Barrow held that plaintiff's lack of knowledge was not a mistake because the district court had expressly directed the plaintiff "to make every effort to obtain the names of the police officers who participated in his arrest on September 12, 1987". Id. at 467. In our case, there was no such direction from the District Court.

More importantly, the Supreme Court in Krupski expressly rejected the plaintiff-oriented focus of Cornwell and Barrow, holding "that relation back under Rule 15[c][1][C] depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski, 130 S.Ct at 2490.

As a result, some courts have held that the Krupski decision effectively overruled and undercut the rationale of Barrow, such that it should not be applied to the facts of this case. See e.g., Smith v. City of New York, 12 Civ. 04890, 2013 WL 6095458 [SDNY Nov. 20, 2013] ["This Court agrees with the latter view — as Judge Sand articulates in Bishop — that Krupski overrules Barrow in the context of amended pleadings that add previously unidentified defendants"]; In Re Mission Construction Litigation, 10 Civ. 4262, 10 Civ. 9344, 11 Civ. 1565, 2013 WL 4710377 [SDNY Aug. 30, 2013]; Callicutt v. Scalise, 11-CV-1282,

2013 WL 432913 [NDNY Feb 4, 2013]; <u>Nzomo v. City of New York</u>, 10 Civ. 8530, 2013 WL 411351 [SDNY Jan. 30, 2013]; <u>Bishop</u>, <u>supra</u>.

Equally important, even if this Court were to conclude that <u>Krupski</u> did not overrule <u>Barrow</u>, we submit that several aspects of <u>Krupski</u> support our contention that Mr. Scott's failure to identify the police officers by name constituted a "mistake" within the meaning of Rule 15[c][1][C][ii]. See, <u>Abdell</u>, <u>supra</u>; <u>S.A.R.L. v. Marlborough</u>, 10 Civ. 7547, 2013 WL 5677045 [SDNY Oct. 18, 2013] ["[T]he relevant question is not the general issue of whether <u>Barrow</u> survived <u>Krupski</u>, but the far more specific issue of whether a lack of knowledge regarding a defendant's conduct constitutes a mistake under Rule 15[c]"].

In <u>Krupski</u>, the Supreme Court rejected the Eleventh Circuit's reliance upon the plaintiff's alleged deliberate choice of not naming the proper party, noting that "it would be error to conflate knowledge of a party's existence with the absence of mistake."  130 S.Ct at 2493-94.

As the Court explained:

A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 [9th ed. 2009]; see also Webster's Third New International Dictionary 1446 [2002] [defining "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts"]. That a plaintiff knows of a party's existence does not preclude her from making a mistake

with respect to that party's identity. A plaintiff may
know that a prospective defendant--call him party A--
exists, while erroneously believing him to have the
status of party B. Similarly, a plaintiff may know
generally what party A does while misunderstanding the
roles that party A and party B played in the "conduct,
transaction, or occurrence" giving rise to her claim.
If the plaintiff sues party B instead of party A under
these circumstances, she has made a "mistake
concerning the proper party's identity"
notwithstanding her knowledge of the existence of both
parties. The only question under Rule 15[c][1][C][ii],
then, is whether party A knew or should have known
that, absent some mistake, the action would have been
brought against him.

Id. at 2494.  As the quoted language makes clear, inadequate

knowledge or a lack of information can be a mistake,

particularly where, as here, a party fails to appreciate the

different roles played by different individuals.

In the case at bar, like the plaintiff in Krupski, Mr.

Scott confused the roles played by the individual defendants;

although the Complaint alleged that a certain officer was

involved in the incident and used unnecessary and excessive

force to handcuff him, at the time of the complaint, Mr. Scott

was unaware of the identity or name of the police officer. [55-

56]

Thereafter, plaintiff learned during the depositions of

several non-party police officers that it was either Officer

Brown or Officer Lopez who handcuffed Mr. Scott. [228, 347]

Thus, the allegations in the Complaint did not only focus on the

liability of the municipal defendants, but the negligent and excessive use of force by individual police officers as well.

In addition, under the rationale of Krupski, this Court should rejected the District Court's reasoning for denying the motion to amend – that plaintiff's counsel made a "deliberate choice" to not sue the individual officers, even though he knew of their names as early as September 21, 2011. [419]   In Krupski, the Supreme Court specifically stated:

> We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15[c][1][C][ii] has been satisfied.

130 S.Ct 2494.

Thus, in the wake of Krupski, the key issue is "'whether [the defendant to be added] knew or should have known that it would have been named as a defendant but for an error.'" Bishop, supra at *11-13.

We recognize that the courts in this Circuit are split regarding Krupski's effect on Barrow. Compare Abdell, supra, 759 F.Supp2d at 456-57 ["After Krupski, it is clear that a mistake 'concerning the proper party's identity' under Rule

35

15[c] includes lack of knowledge regarding the conduct or liability of that party"]; Bishop, supra [the "'only question' is whether the individual [defendants] 'knew or should have known that, absent some mistake, the action would have been brought' against them"] [quoting Krupski, 130 S.Ct at 2494]] Smith, supra; In Re Mission Construction, supra; Callicutt, supra; Nzomo, supra; with Felmine v. City of New York, 09-CV-3768, 2012 WL 1999863 [EDNY June 4, 2012] [EDNY Jun. 4, 2012] [strongly suggesting in dicta that Krupski did not overrule Barrow]; Bogle v. Melamed, 09 CV 1017, 2012 WL 1117411, at *2 [EDNY March 30, 2012] [relying upon Barrow to deny motion to add defendants previously identified as John Does]; Rodriguez v. City of New York, 10 Civ. 1849, 2011 WL 4344057 [SDNY Sep. 7, 2011] [Barrow remains good law]; Dominguez v. City of New York, 10 Civ. 2620, 2010 WL 3419677 [EDNY Aug. 27, 2010] [Krupski "merely picks up where Barrow left off...[t]herefore, Barrow's holding that a lack of knowledge is not a mistake is still intact"].

We submit that the proper position is to find that after Krupski, the holding in Barrow should be limited to situations in which the plaintiff neither identifies defendants by name, nor describes facts with sufficient particularity to allow the parties to be put on notice of the plaintiff's intent to sue them; such reasoning is consistent with the liberal policies

underlying the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are to be construed liberally; "mere technicalities" must not bar a case's merits from being considered.  Foman v. Davis, 371 US 178, 181 [1962].  This is particularly so where the Complaint to be amended provides sufficient factual detail to permit the party to be added to avoid prejudice because his/her attorney could begin mounting a defense from day one, as was the case with Mr. Scott' Complaint.

This analysis will also protect the values underlying the statute of limitations because in cases where parties were not named in an original pleading or where their actions were not sufficiently described, the concerns highlighted by this Court in Barrow will continue to preclude the assertion of such claims.  See, e.g., Curry, supra.

Finally, if the Court disagrees with our assessment and analysis of the Supreme Court's decision in Krupski and its effect on limiting this Court's decision in Barrow, we request that the Court submit the issue for en banc consideration.  See Fed. R. App. Proc. 35.

The rule created by Barrow, that a lack of knowledge cannot be a "mistake" within the meaning of Rule 15[c][1][C][ii], is overbroad.  As the Third Circuit has aptly recognized, Rule 15[c][1][C][ii] does not serve the purpose underlying the statute of limitations, which is to prevent "unfairness to

37

defendants, who...may have a lawsuit sprung upon them well after the statute of limitations period has run." Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186, 201 n.5 [3d Cir. 2001].

Rather, fairness to the defendants is accommodated in the other requirements of Rule 15[c][3], namely the requirements that [1] the newly named defendants had received "such notice of the institution of the action" during the 120 day time period prescribed by FRCP Rule 4[m]; and [2] the newly named defendants knew or should have known that the original complaint was really directed towards them. These requirements generally ameliorate any potential prejudice to the new defendant. Because these other Rule 15[c][3] requirements must be met before an amended complaint can relate back, the "mistake" requirement of 15[c][3], as interpreted by the other Circuits, would be dispositive in disallowing relation back only when the new defendant had timely notice of the lawsuit and knew that the lawsuit was really meant to be directed at him/her.

For these reasons, we submit that en banc consideration is warranted if the Court disagrees with our analysis of Krupski.

## CONCLUSION

For the foregoing reasons, this Court should reverse the orders appealed from and grant plaintiff leave to serve an amended complaint against Police Officer Brown and Police Officer Lopez as direct defendants, and such other further and different relief as this Court deems just and proper.

Respectfully submitted,

FERRO KUBA MANGANO & SKLYAR,
Attorneys for Plaintiff-Appellant

By:   /s/ Brian J. Isaac
      Brian J. Isaac (9781)
      POLLACK POLLACK ISAAC
         & DeCICCO, LLP
      Appellate Counsel
      225 Broadway, Suite 307
      New York, New York 10007
      212-233-8100

Brian J. Isaac, Esq.
Michael H. Zhu, Esq.

   Of Counsel

39

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)</u>

1.  This brief complies with the type-volume limitation of Fed.
    R. App. P. 32(a)(7)(B) because this brief contains 9,140
    words, excluding the parts of the brief exempted by Fed. R.
    App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed.
    R. App. P. 32(a)(5) and the type style requirements of Fed.
    R. App. P. 32(a)(6) because this brief has been prepared in
    a monospaced typeface using Microsoft Word in Courier New,
    12 point font.


                        Respectfully submitted,

                        FERRO KUBA MANGANO & SKLYAR,
                        Attorneys for Plaintiff-Appellant

                By:  <u>/s/ Brian J. Isaac</u>
                     Brian J. Isaac (9781)
                     POLLACK POLLACK ISAAC
                        & DᴇCICCO, LLP
                     Appellate Counsel
                     225 Broadway, Suite 307
                     New York, New York 10007
                     212-233-8100


Brian J. Isaac, Esq.
Michael H. Zhu, Esq.

         <u>Of Counsel</u>


                            1

# SPECIAL APPENDIX

# **Table of Contents**

**Page**

Memorandum and Order of the Honorable Paul E. Davison,
dated September 17, 2013, Appealed From ................................... SPA1

Opinion and Order of the Honorable Nelson S. Roman,
dated October 28, 2013, Appealed From ..................................... SPA14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DON SHIRLEY ROWE SCOTT, | |
| Plaintiff, | 11 Civ. 4167(NSR)(PED) |
| - *against* - | **MEMORANDUM AND ORDER** |
| THE VILLAGE OF SPRING VALLEY, COUNTY OF ROCKLAND and SPRING VALLEY POLICE DEPARTMENT, | |
| Defendants. | |

**PAUL E. DAVISON, U.S.M.J.:**

## I. INTRODUCTION

By motion dated August 15, 2013, Plaintiff Don Shirley Rowe Scott ("Plaintiff") moves "to amend the caption and add proper party defendants, Spring Valley Police Department, Police Officers Joseph Brown and Oscar Lopez to this action." (Dkt. 39.) Defendants the Village of Spring Valley and the Spring Valley Police Department ("Defendants") oppose this motion. (Dkt. 42.) The motion comes before me pursuant to an Order of Reference dated September 7, 2012. (Dkt. 14.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

## II. BACKGROUND

**A.    Procedural History**

Plaintiff commenced this action in New York State Supreme Court, Rockland County, by way of summons and complaint filed June 2, 2011. Defendants filed notice of removal on June 20, 2011. (Dkt. 1; Dkt. 39, at Exs. 2-3.[1]) The complaint alleges that on June 3, 2010, unnamed police officers from the Spring Valley Police Department pulled Plaintiff over while Plaintiff

---

[1] All exhibits cited herein are to Docket 39.

drove his motor vehicle; demanded Plaintiff exit the vehicle; and handcuffed Plaintiff behind his back, causing a shoulder injury.

During discovery, Plaintiff deposed five police officers in order to determine who handcuffed Plaintiff. In particular, Joseph Brown ("Brown") was deposed on December 7, 2012 and Oscar Lopez ("Lopez") was deposed on February 5, 2013.[2]  (Exs. 6-7.)  Each testified that the other applied the handcuffs to Plaintiff.  (Ex. 6, at 53, 55, 59; Ex. 7, at 82-86.)

All discovery was completed by May 31, 2013.  (See Dkt. 32.)  Following completion of discovery, Defendants requested a pre-motion conference before the District Court Judge with respect to their intention to move for summary judgment.[3]  (See Dkt. 36.)  An unproductive settlement conference was thereafter held on July 30, 2013.

**B.**    **The Instant Motion**

On August 7, 2013, this Court granted Plaintiff leave to file the instant motion to amend. (Dkt. 37.)  Plaintiff seeks to amend the complaint in order to add Brown and Lopez as individual defendants and to add factual allegations that Brown and Lopez applied handcuffs to Plaintiff, detained Plaintiff, and caused Plaintiff's injuries.  (Ex. 9.)  Plaintiff concedes that the statute of limitations expired on June 3, 2013, prior to his request to amend.[4]  (Affirm. in Supp. ¶ 11.)  As

---

[2] Plaintiff states that Brown was deposed on December 28, 2012.  (Affirm. in Supp. ¶ 8 (Dkt. 40).)  However, the deposition transcript is dated December 7, 2012.  (Ex. 6.)

[3] Defendants requested a pre-motion conference before Judge Ramos.  The case was then reassigned to Judge Roman on July 12, 2013.  No briefing schedule on Defendants' motion has been ordered.

[4] "In New York, claims brought under 42 U.S.C. § 1983 must be brought within three years of the events giving rise to the cause of action."  Alvarez v. Strack, No. 09 Civ. 1138(PGG), 2010 WL 4184480, at *2 (S.D.N.Y. Oct. 20, 2010) (citing Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004)).

noted above. Defendants oppose Plaintiff's motion.

## III. ANALYSIS

### A.    Legal Standard

Leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The "grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason . . . is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

"The party opposing a motion to amend, here the Defendant, bears the burden of establishing that an amendment would be futile." Bonsey v. Kates, No. 13 Civ. 2708(RWS), 2013 WL 4494678, at *8 (S.D.N.Y. Aug. 21, 2013). An amendment that seeks to name a party after the statute of limitations on the claim against the proposed party has expired is untimely and therefore futile, unless it "relates back to the date of the original pleading" under Rule 15(c). Fed. R. Civ. P. 15(c)(1); see Alvarez, 2010 WL 4184480, at *2. Under the federal relation back doctrine, a proposed amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to a timely filed complaint if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading;" and (2) within 120 days after the complaint is filed, the proposed defendant (i) "received such notice of the action that it will not be prejudiced in defending on the merits" and (ii) "knew or should have known that the action would have been brought against it, but for a

3

mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B–C). "It is the

plaintiff's burden to establish the requirements for relation back under Rule 15(c)." In re Alstom

SA Sec. Litig., 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005).

Under New York law,

> [T]he three conditions that must be satisfied in order for claims against one defendant
> to relate back to claims asserted against another are that: (1) both claims arose out of
> same conduct, transaction or occurrence, (2) the new party is united in interest with
> the original defendant, and by reason of that relationship can be charged with such
> notice of the institution of the action that he will not be prejudiced in maintaining his
> defense on the merits and (3) the new party knew or should have known that, but for
> an excusable mistake by plaintiff as to the identity of the proper parties, the action
> would have been brought against him as well.

Buran v. Coupal, 87 N.Y.2d 173, 178 (1995) (internal quotation marks and citation omitted).

Because Rule 15 provides that an amendment relates back when "the law that provides the

applicable statute of limitations allows relation back," Fed. R. Civ. P. 15(c)(1)(A), courts should

consider whether a proposed claim relates back under federal or state law and apply whichever

law is more forgiving, see Wilson v. City of New York, No. 03 Civ. 2495(RLC), 2006 WL

2528468, at *2 (S.D.N.Y. Aug. 31, 2006).

**B.    Application**

Defendants argue the motion should be denied as futile because the statute of limitations

expired. (See Mem. of Law in Opp'n to Pl.'s Mot. to Amend his Compl. ("Def.'s Mem."), at 2-3

(Dkt. 42).) Plaintiff does not dispute that the statute expired. (Affirm. in Supp. ¶ 11.) However,

he contends the amendment is not futile because it relates back to the date of the original

pleading pursuant to Rule 15(c). (Id. ¶¶ 11-12.) Specifically, Plaintiff argues the amendment

relates back because: (1) it arose out of the conduct set forth in the original pleading; (2) both

Brown and Lopez knew of the existence of the original action within the statute of limitations time period; and (3) both Brown and Lopez knew or should have known that the original action would have been brought against them, but for Plaintiff's mistaken failure to identify them. (Id. ¶¶ 3(c)-(e), 14-19.) Plaintiff does not argue that under New York law, the amendment would relate back to the date of the original complaint.

Defendants maintain that: (1) Brown and Lopez were not on notice of the instant proceeding within the 120-day service period; and (2) Plaintiff has failed to establish a "mistake" for purposes of the relation back doctrine.[5] (See Def.'s Mem., at 5-6.) Defendants also argue that Plaintiff's motion should be denied as unduly delayed and unduly prejudicial to the new parties unless discovery were reopened. (Id. at 6-7.)

First, Plaintiff argues the amendment relates back because Brown and Lopez were on notice of the lawsuit, and that they knew or should have known they were the proper defendants, within the statute of limitations time period. Specifically, Plaintiff argues because Brown and Lopez were deposed in December 2012 and February 2013, or within the *statute of limitations* period, this element of the relation back doctrine is satisfied. (Affirm. in Supp. ¶¶ 15-16.)

Plaintiff's argument misconstrues the law. Rule 15(c)(1)(C) clearly states that the proposed new party must have notice of the original action, and know or should know that the action would have been brought against him or her but for a mistake, within the period provided by Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C)(i–ii). Rule 4(m), in turn, provides 120 days for service

_____

[5] Defendants do not dispute that Plaintiff's proposed amendment arises out of the same occurrence that is set forth in the original complaint. The Court agrees that Plaintiff has satisfied the first factor of the relation back test. See Fed. R. Civ. P. 15(c)(1)(B–C).

5

after a complaint is filed; it does not pertain to statutes of limitations. Id. R. 4(m). Accordingly, for the relation back doctrine to apply, Plaintiff must show that Brown and Lopez had notice of the original action, and knew or should have known that they were the proper defendants, within 120 days of original complaint's June 2011 filing. The 2012 and 2013 depositions occurred well after the 120-day service period expired.

Second, Plaintiff argues that Brown and Lopez were on constructive notice of the original action through the knowledge of defense counsel. (Affirm. in Supp. ¶¶ 16-17.) "'Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[ ] knew that the additional defendants would be added to the existing suit.'" Abdell v. City of New York, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010) (quoting Berry v. Vill. of Millbrook, No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *5 n.6 (S.D.N.Y. Sept. 29, 2010)). "'The inquiry is not . . . whether defense counsel had actual knowledge but whether he knew or should have known that the additional defendants would be added within the statute of limitations period.'" Id. (quoting Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist., No. 07 Civ. 8828(KMK), 2009 WL 3151200, at *13 (S.D.N.Y. Sept. 29, 2009)).

Initially, Plaintiff argued in support of his motion that "defense counsel represented . . . [the] police officers, . . . at their respective depositions and therefore defense counsel was aware said officers would be named to this lawsuit." (Affirm. in Supp. ¶ 17.) This argument is conclusory as it fails to explain why, simply by virtue of an attorney-client relationship, defense counsel would be aware that Brown and Lopez would be named as defendants. Nevertheless,

6

Plaintiff's argument also fails for the reason noted above: the depositions occurred well after the 120-day service deadline expired.  In his reply, Plaintiff argues that Brown and Lopez had constructive notice of the original action because defense counsel "turned over documents providing the names of all the officers involved in this case as of September 21, 2011," and therefore concludes that counsel "was aware of the names of the potential defendants to be added to this action . . . well within the 120-day limitations period."  (Reply Affirm. ¶ 5 (Dkt. 43).)

Plaintiff's new argument is also unpersuasive.  First, arguments raised for the first time in a reply brief need not be considered by a court.  See, e.g., Bertuglia v. City of New York, 839 F. Supp. 2d 703, 737 (S.D.N.Y. 2012), appeal dismissed, 509 F. App'x 43 (2d Cir. 2013).  In any event, even if defense counsel's knowledge of the existence of the original action can be imputed to Brown and Lopez during the 120-day service period, Plaintiff has failed to meet his burden and show that defense counsel knew or should have known that, but for a mistake by Plaintiff, Brown and Lopez were the proper defendants to the action simply because she produced documents bearing the names of all of the individual officers involved in the June 3, 2010 incident.

Plaintiff argues generally that the mistake element of Rule 15(c)(1)(C)(ii) is satisfied.  The Supreme Court has distinguished a "mistake" from a "deliberate choice" for purposes of the relation back doctrine.  A "mistake," it explained, is:

> [A]n error, misconception, or misunderstanding; an erroneous belief.  That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity.  A plaintiff may know that a prospective defendant–call him party A–exists, while erroneously believing him to have the status of party B.  Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the conduct, transaction, or occurrence giving rise to her claim.  If the plaintiff sues party B

7

> instead of party A under these circumstances, she has made a mistake concerning the proper party's identity notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

Krupski v. Costa Crociere, S. p. A., 130 S. Ct. 2485, 2494 (2010) (internal quotation marks and citations omitted). In contrast, the Court described a situation in which a plaintiff has "ma[de] a deliberate choice to sue one party over another, while fully understanding the factual and legal differences between the two parties[, as] the antithesis of making a mistake concerning the proper party's identity." Id.; see also id. at 2496 ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."). In addition, "[t]he law in the Second Circuit is clear that the relevant mistake of the plaintiff may be a 'misapprehen[sion] [of] the identity of the person he wished to sue (a factual mistake), or [a] fail[ure] to understand the legal requirements of his claim (a legal mistake).'" Berry, 2010 WL 3932289, at *5 (quoting Dupree v. Pough, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006)); see also Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996) (noting that Rule 15 was amended to include the phrase "mistake" after "several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants"). "After Krupski, the focus of the Rule 15 inquiry is a potential *defendant's* reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake." Berry, 2010 WL 3932289, at *5 (emphasis in original).

Here, Plaintiff's actions "compel the conclusion" that his failure to name Brown and

8

Lopez in the original complaint constituted a deliberate choice–not a mistake. Krupski, 130 S.

Ct. at 2496. The original complaint clearly set forth factual allegations regarding the June 3,

2010 incident, including allegations concerning actions of individual officers. However, Plaintiff

named only the municipal entities as defendants. Applying the Krupski framework, it is apparent

that Plaintiff did not make a mistake for purposes of the relation back doctrine. First, Plaintiff

knew that Brown and Lopez (*i.e.*, party A) existed. Yet Plaintiff offers nothing to suggest that he

mistakenly believed that the officers had the *status* of either the Village or the Police Department

(*i.e.*, party B). Krupski, 130 S. Ct. at 2494. The mere fact that he did not know the names of the

officers at the time is insufficient to establish a mistake. See Barrow v. Wethersfield Police

Dep't, 66 F.3d 466, 470 (2d Cir. 1995) ("Rule 15(c) does not allow an amended complaint

adding new defendants to relate back if the newly-added defendants were not named originally

because the plaintiff did not know their identities."); see also, e.g., Morales v. Cnty. of Suffolk,

No. 10 Civ. 3686(ADS)(ARL), 2013 WL 3388387, at *4 (E.D.N.Y. July 6, 2013) (collecting

cases and finding that this holding of Barrow remains good law after Krupski).

Second, Plaintiff offers nothing to suggest that he misunderstood the *roles* that the

individual officers, *vis-a-vis* the named defendants, played in the June 3, 2010 incident. Krupski,

130 S. Ct. at 2494. Plaintiff's reliance on Abdell v. City of New York, 759 F. Supp. 2d 450

(S.D.N.Y. 2010) is misplaced. (Affirm. in Supp. ¶¶ 3(b), 13-18; Reply Affirm. ¶¶ 3-6.) The

plaintiffs in Abdell originally sued both municipal and individual defendants. 759 F. Supp. 2d at

452. After the statute of limitations expired, they discovered that a new individual was partly

responsible for ordering their arrests. Id. at 452-53. The court found the plaintiffs' failure to

name this individual in their original complaint to be a valid mistake because they lacked

9

SPA10

knowledge concerning his role in their arrests. Id. at 456-57. Here, Plaintiff knew at the time he

filed the original complaint the roles and conduct of the individual police officers. His omission

of the individual defendants is therefore different than the kind of "mistake" found in Krupski or

Abdell.

Plaintiff's best argument–one that he does not make–would be to argue that he made a

legal mistake similar to that made by the plaintiff in Soto v. Brooklyn Correctional Facility, 80

F.3d 34 (2d Cir. 1996). There, the *pro se* plaintiff named only an institutional entity as a

defendant in a § 1983 action. The district court granted the defendant's motion to dismiss the

complaint after it found the plaintiff failed to adequately plead a Monell claim.[6] Soto, 80 F.3d at

35. The Second Circuit reversed and held that the *pro se* plaintiff's failure to originally name

individual defendants constituted a valid legal mistake for purposes of the relation back doctrine:

> [U]nder section 1983, Soto *was* required to sue the individual defendants to maintain
> an action arising out of the January 1991 attack. His failure to do so cannot be
> considered a matter of choice; but for his mistake as to the technicalities of
> constitutional tort law, he would have named the officers in the original complaint,
> within the three-year limitations period . . . .

Id. at 37 (emphasis in original).

For Soto to apply here, however, Plaintiff would have to make the perverse argument that

his original complaint failed to adequately state a claim.[7] Plaintiff has not made this argument,

_____

[6] Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658 (1978).

[7] The original complaint can be read to allege a Monell claim. Specifically, it alleges
Defendants:

> [F]ail[ed] to promulgate proper and/or adequate rules and regulations governing the
> use of force in circumstances similar to those prevailing at the time of the incident;
> [and] . . . fail[ed] to promulgate proper and/or adequate rules and/or regulations
> governing the detention and arrest in circumstances similar to those prevailing at the

and therefore fails to meet his burden and establish this element of the relation back doctrine.
Yet even if Plaintiff did make this argument–and assuming the Court agreed–I do not find it
would then have been reasonable for defense counsel to conclude that Plaintiff's attorney made a
legal mistake "as to the technicalities of constitutional tort law." Id.; see Krupski, 130 S. Ct. at
2494.  Although Soto is often applied in cases where a *pro se* plaintiff has made a legal mistake
when naming defendants, see, e.g., Berry, 2010 WL 3932289, at *5, I find no case granting relief
where plaintiff was represented by counsel at the time the original complaint was filed, see
Conteh v. City of New York, No. 00 Civ. 5787(NRB), 2001 WL 736783, at *3 n.1 (S.D.N.Y.
June 28, 2001) (denying request to amend to add individual defendants where original complaint
named only the municipality and inadequately pled Monell claim; noting that, "[u]nlike the pro
se prisoner in Soto . . . , who may have mistakenly named an institutional defendant rather than
the appropriate individuals, in this case, plaintiff was represented by counsel who is presumed to
understand the applicable legal requirements for pleading").

It would therefore have been reasonable for defense counsel, Brown, and Lopez to
conclude that Plaintiff made a deliberate choice to pursue a Monell claim only.  Krupski, 130 S.
Ct. at 2494; see also, e.g., Hennelly v. Greenwood Cent. Sch. Dist., No. 02 Civ. 6398P, 2004 WL
1570277, at *4 (W.D.N.Y. June 29, 2004) (where plaintiff, proceeding *pro se* at the time of the
complaint's filing, named only an institutional defendant but also alleged a legally sufficient
claim against that defendant, the proposed new individual defendant could not have reasonably
known that, but for plaintiff's legal misunderstanding, he also would have been sued); Martinez

---

time of the incident.

(Verified Compl. ¶ 22 (Dkt. 1).)

11

v. Robinson, No. 99 Civ. 11911(DAB)(JCF), 2001 WL 498407, at *3 (S.D.N.Y. May 10, 2001)

(where plaintiff filed original complaint *pro se* but alleged a legally sufficient claim, the

proposed new defendant would not have known that, but for the plaintiff's mistake in failing to

name it, it would have been sued).

Finally, as noted above, Plaintiff does not argue that New York relation back law applies.

Nonetheless, even if he did, Plaintiff still cannot show that the amendment relates back to the

timely complaint.  Under New York law, Plaintiff must still show that Brown and Lopez knew or

should have known that, but for Plaintiff's mistake in originally failing to identify them, they

would have been sued in this action.  "At least as to this third prong of the New York rule, New

York's relation back law employs the same standard as the federal rule."  Sloane v. Town of

Greenburgh, No. 01 Civ. 11551(MBM), 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005)

(citing Corcoran v. N.Y. Power Auth., 935 F. Supp. 376, 393 (S.D.N.Y. 1996) and Bass v. World

Wrestling Fed'n Entm't, 129 F. Supp. 2d 491, 508 n.13 (E.D.N.Y. 2001)).  As discussed above,

Plaintiff has failed to establish such a "mistake."

Because Plaintiff's proposed amendment does not relate back to the original complaint

and therefore is time-barred, the Court concludes that Plaintiff's motion to amend should be

denied on the ground that the proposed amendment would be futile.[8]

---

[8] While "[g]enerally, mere delay, without a showing of bad faith or prejudice on the part
of the plaintiff, does not constitute a basis for denying a motion to amend the complaint," once
"'a considerable period of time has passed between the filing of the complaint and the motion to
amend, courts have placed the burden upon the movant to show some valid reason for his neglect
and delay.'"  McGee v. Dunn, No. 09 Civ. 6098(FPS), 2013 WL 1628604, at *12 (S.D.N.Y. Apr.
16, 2013) (quoting Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983)).
Here, where Plaintiff did not seek leave to name Brown and Lopez as defendants until (1) more
than two years after the original complaint was filed, (2) almost two years after Plaintiff learned
the identities of the officers involved in the incident, (3) over five months after Plaintiff

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion to amend is **DENIED**.  The Clerk of

the Court is respectfully directed to terminate the motion.  (Dkt. 39.)

Dated: September 17, 2013
         White Plains, New York

**SO ORDERED.**

Paul E. Davison
United States Magistrate Judge

---

specifically learned that Brown and Lopez were involved in handcuffing Plaintiff, (4) after an
unsuccessful settlement conference, and (5) after discovery closed and on the eve of dispositive
motion practice, the Court concludes that Plaintiff has not met this burden and his unreasonable
delay further supports denial of the motion.

In addition, the Court notes that where, as here, a scheduling order has been issued
pursuant to Rule 16(b) setting forth a deadline for the amendment of pleadings, the "schedule
may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
"[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at
some point both the parties and the pleadings will be fixed." <u>Parker v. Columbia Pictures Indus.</u>,
204 F.3d 326, 339-40 (2d Cir. 2000) (internal quotation marks omitted).  Good cause "turns on
the diligence of the moving party." <u>Holmes v. Grubman</u>, 568 F.3d 329, 334 (2d Cir. 2009)
(internal quotation marks and citation omitted).  For the reasons noted above, Plaintiff has failed
to establish good cause to amend his pleading and add the new defendants at this late stage.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
DON SHIRLEY ROWE SCOTT,                                      :
                                                             :
                                    Plaintiff,               :          11-cv-4167 (NSR)(PED)
            -against-                                        :
                                                             :          OPINION AND ORDER
THE VILLAGE OF SPRING VALLEY,                                :
COUNTY OF ROCKLAND and SPRING                                :
VALLEY POLICE DEPARTMENT,                                    :
                                                             :
                                    Defendants.              :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Don Shirley Rowe Scott ("Plaintiff") brought this action alleging excessive force

in his detention in violation of 42 U.S.C. §1983.  Plaintiff now asks the Court to overturn an

order (the "Order") issued by Magistrate Judge Paul E. Davison, to whom this matter was

referred for general pretrial proceedings, which denied Plaintiff's motion to amend the complaint

to add parties Oscar Lopez and Joseph Brown, Village of Spring Valley Police Department

Police Officers as Defendants in this action, as well as certain factual allegations that Officers

Brown and Lopez applied handcuffs to Plaintiff, detained Plaintiff, and caused Plaintiff's

injuries.  For the reasons set forth below, the Court DENIES Plaintiff's request.

## I.  Background

    Plaintiff claims that on June 3, 2010, he was lawfully operating his vehicle when he was

stopped in front of his residence by officers of the Village of Spring Valley Police Department.

Plaintiff claims that the officers used excessive force in arresting Plaintiff, causing injury to his

right shoulder that required surgery.  Aff. in Supp. ¶7.  Plaintiff's complaint was filed in New

York State Supreme Court, Rockland County on June 2, 2011. The complaint describes the actions of individual police officers but names only the Village of Spring Valley and the Village of Spring Valley Police Department as defendants. The matter was removed to the Federal Court for the Southern District of New York on June 17, 2011.

Defense counsel provided a list of the names of individual officers participating in the arrest, which named Officers Lopez and Brown, to Plaintiff's counsel on September 21, 2011. Mem. in Opp'n 5. Plaintiff conducted depositions of the individual officers involved in the arrest, including Officers Brown and Lopez who were deposed on December 7, 2012 and February 7, 2013, respectively. Aff. in Supp. ¶8. On May 13, 2013, the parties informed Judge Davison that all discovery had been completed. Defendants submitted a pre-motion letter seeking permission to move for summary judgment on June 21, 2013. On July 30, 2013, Plaintiff sought leave to amend the complaint to add Officers Brown and Lopez as defendants, after the statute of limitations on its claims arising from the June 3, 2010 incident had expired. Judge Davison denied Plaintiff's motion to amend on September 17, 2013. Plaintiff submitted its objections to Judge Davison's order on October 3, 2013. Defendant responded to Plaintiff's objections on October 18, 2013. Plaintiff notified the court of its intention to appeal the Order of Judge Davison on or before December 19, 2013 on October 21, 2013.

## II. Legal Standard

Under 28 U.S.C. §636(b)(1)(A), a district court may refer certain non-dispositive pretrial matters pending before the court to a magistrate judge for determination. A motion to amend the complaint is considered a non-dispositive motion. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *accord Reid v. St. Luke's-Roosevelt Hosp. Ctr.*, 94 Civ. 4676 (KMW), 1995 WL

2

125387, at *1 n.1 (S.D.N.Y. 1995) ("[I]t is well established that motions to amend generally are viewed as non-dispositive motions."). When a party submits objections to a magistrate judge's order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A). A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal citation omitted). "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. 2009) (citing *Cagle v. Cooper Cos., Inc.*, 91 Civ. 7828(HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)).

This standard affords magistrate judges "broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

**III. Analysis**

3

When a party seeks to amend a complaint after the time for amending as a matter of course has passed, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, a party seeking to add a party after the statute of limitations on its claim has expired must rely on Rule 15(c), the federal rule that provides for relation back of claims.  Fed. R. Civ. P. 15(c)(1).  The Rule provides:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  The burden is on the plaintiff to show that the requirements of 15(c) are met.  *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005).

The parties do not dispute that the statute of limitations expired on the claim as against the proposed defendants.  The Plaintiff's claim of excessive force under 42 U.S.C. §1983 arose from an incident that occurred on June 3, 2010. "In New York, claims brought under 42 U.S.C. §1983 must be brought within three years of the events giving rise to the cause of action." *Alvarez v. Strack*, No. 09 Civ. 1138(PGG), 2010 WL 4184480, at *2 (S.D.N.Y. 2010) (citing *Patterson v. Cnty. Of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)).  Thus, the statute of limitations

4

ran for Plaintiff's claims arising from the incident on June 3, 2013. Plaintiffs sought leave to file

the amended complaint on July 30, 2013, after the statute of limitations expired. Thus, Plaintiff

must show that the amendment relates back to the original complaint. The parties do not dispute

that the claim arose out of the same conduct, transaction, or set of occurrences, and Judge

Davison did not err in finding the first prong of the relation back doctrine to be met. Therefore,

the two issues are (1) whether the proposed defendants received notice of the litigation within the

120-day period provided for by Rule 4(m) so that they will not be prejudiced in defending the

action, and (2) whether the proposed parties knew or should have known that but for a mistake

concerning their identity, they would have been named in the action.

Plaintiff's first objection is to Judge Davison's finding that the parties were not on notice,

nor were they imputed with notice, within the Rule 4(m) time period, or 120 days after the

complaint was filed. Fed. R. Civ. P. 4(m). "Under the constructive notice doctrine, the court can

impute knowledge of a lawsuit to a new defendant government official through his attorney,

when the attorney also represented the officials originally sued, so long as there is some showing

that the attorney[] knew that the additional defendants would be added to the existing suit."

*Abdell v. City of New York*, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010). The basis of the

constructive notice doctrine is that "the newly added defendant is not prejudiced by the lack of

notice if his attorney has already begun preparing a defense for the named defendant during the

limitations period." *Velez v. Fogarty*, No. 06 Civ. 13186(LAK)(HBP), 2008 WL 5062601, at *6

(S.D.N.Y. Nov. 20, 2008). Plaintiff asserts that the defendants had constructive notice because

defense counsel had knowledge of the nature of the claim – a 42 U.S.C. §1983 excessive force

claim – and provided the names of parties involved in the arrest from which the claim arose,

including the names of the now-proposed defendants, within 120 days of the filing of the

5

complaint.[1]  At both Officer Brown's deposition on December 7, 2012 and Officer Lopez's

deposition on February 5, 2013, defense counsel for the defendants named in the original

complaint was present,[2] and thus there is similar representation.  What is missing, however, is a

showing that defense counsel knew that the additional defendants would be added to this action.

Defense counsel provided Plaintiff with a list of all officers involved in the arrest shortly after

the complaint was filed, but none were added to the complaint.  Judge Davison found that even if

the proposed defendants did have constructive notice, the requirements of Rule 15(c)(1)(C)(ii)

were not met and therefore the amendment cannot relate back.

     Plaintiff's second objection to the Order is that the court erred in finding that the failure

to add the proposed defendants was a mistake, as required for the application of the relation back

doctrine.  Specifically, Plaintiff objects to the application of the case, *Abdell v. City of New York*,

759 F. Supp. 2d 450 (S.D.N.Y. 2010), to the instant set of facts in Judge Davison's Order.  The

Supreme Court in *Krupski v. Costa Crociere, S.p.A.*, — U.S. —, 130 S. Ct. 2485 (2010) clarified

what amounts to a "mistake," as opposed to a conscious decision under Rule 15(c)(1)(C)(ii).

The court stated,

     A plaintiff may know that a prospective defendant—call him party A—exists,
     while erroneously believing him to have the status of party B. Similarly, a

---

[1] In Plaintiff's motion to amend, Plaintiff misstates the issue as being "whether the police officer had notice within the statute of limitations period . . . ." Pl. Mem, 8. Rule 15(c)(1)(c) clearly states that the party to be named as a defendant in the amendment received notice "within the period provided by Rule 4(m) for serving the summons and complaint," not within the statute of limitations period. Fed. R. Civ. P. 15(c)(1)(c). (Note that Rule 15(c) was amended in 1991 to clarify just this distinction.  *See* Fed. R. Civ. P. 15(c) Advisory Comm. Notes (1991 Amendment)).  Plaintiff's reply brief acknowledges that constructive notice should be imputed on the proposed defendants because defense counsel "was aware of the names of the potential defendants to be added to this action . . . . well within the 120-day limitations period under 4(m) as required by the relations back doctrine." Pl. Reply. Affirm. ¶5.

[2] At Officer Lopez's deposition, he also had private counsel present. Pl. Affirm. in Supp. ¶16.

> plaintiff may know generally what party A does while misunderstanding the roles
> that party A and party B played in the "conduct, transaction, or occurrence"
> giving rise to her claim. If the plaintiff sues party B instead of party A under these
> circumstances, she has made a "mistake concerning the proper party's identity"
> notwithstanding her knowledge of the existence of both parties. The only question
> under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known
> that, absent some mistake, the action would have been brought against him.

*Id* at 2494.   Further, "[w]hen the original complaint and the plaintiff's conduct compel the

conclusion that the failure to name the prospective defendant in the original complaint was the

result of a fully informed decision as opposed to a mistake concerning the proper defendant's

identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id* at 2496.   After *Krupski*, it is

clear that the determinative factor "is a potential *defendant's* reasonable beliefs regarding

whether a plaintiff failed to name him because of a mistake." *Berry v. Vill. of Millbrook*, No. 09

Civ. 4234(KMK), 2010 WL 3932289, at *5 (S.D.N.Y. Sept. 29, 2010) (emphasis in original).

As *Abdell* explains, "a mistake concerning the proper party's identity under Rule 15(c) includes

lack of knowledge regarding the conduct or liability of that party."   *Abdell*, 759 F. Supp. 2d at

457.

Plaintiff argues that similar to the plaintiffs in *Abdell*, it was not aware of the role of

Officers Lopez and Brown until those officers were deposed.  Judge Davison's Order was not

clearly erroneous or contrary to law in finding that the facts of *Abdell* are distinguishable from

this case.  In *Abdell*, the court allowed the plaintiffs to amend the complaint after the statute of

limitations expired because the court found that, although plaintiffs were aware of the existence

of the proposed defendant, plaintiffs lacked knowledge of the role that the defendant played in

the arrest until the defendant was deposed.  In this case, Plaintiff's complaint alleging excessive

force under 42 U.S.C. 1983 describes the conduct of the police including that he was "followed

by police," "pulled over by police," "forcibly removed from [the car]," and "forcibly handcuffed

with his arms twisted behind his back." Pl. Compl. ¶11.  Plaintiff was clearly aware that there were individual officers involved in his arrest, and yet named only municipal entities in his complaint.  "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *see also Morales v. Cnty. of Suffolk*, No. 10 Civ. 3686(ADS)(ARL), 2013 WL 3388387 (E.D.N.Y. July 6, 2013) (finding that *Barrow* remains good law in the wake of *Krupski*).  Judge Davison found that the plaintiffs in this case were not mistaken about the roles or conduct of individual officers like the plaintiffs in *Abdell*.  This determination is not clearly erroneous or contrary to law.

Further, "the focus of the Rule 15 inquiry is a potential *defendant's* reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake." *Berry v. Vill. of Millbrook*, No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *5 (emphasis in original).  Officers Brown and Lopez had no reason to believe that the failure to name them in the complaint was because of a mistake given Plaintiff's actions.  Plaintiff was in possession of the names of all officers involved in the arrest in September 2011, deposed the officers in December 2012 and February 2013, and still did not seek to amend the complaint before the statute of limitations arose in June 2013.  From the officers point of view, this conduct "compel[s] the conclusion" that the failure to name Officers Lopez and Brown in the complaint was the result of deliberate choice, not a mistake.

## IV. Conclusion

The Court has reviewed the full factual record in this case, including the parties' pleadings and accompanying exhibits, as well as Magistrate Judge Davison's Order and the

applicable legal authorities, and concludes that the findings, reasoning, and legal support contained in the Order are not clearly erroneous or contrary to law. Accordingly, the Court DENIES the Plaintiff's request to modify or set aside the Order. Accordingly, the Order is affirmed and Plaintiff's objections (Dock. 46) are denied.

Dated: October 28, 2013                              SO ORDERED:

      White Plains, New York

_____ 10/28/13

NELSON S. ROMÁN
United States District Judge

9